IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMS ACQUISITION CORP., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 07-03084 |
| | : | |
| v. | : | |
| | : | |
| STRUCTURE PROBE INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

Giles, J.                                                                                                             February 11, 2008

**I.  INTRODUCTION**

     Before the court is Defendant Structure Probe, Inc.'s ("SPI") Motion to Transfer Plaintiff EMS Acquisition Corp.'s ("EMS") declaratory judgment action for copyright infringement and unfair competition to the Southern District of New York ("Southern District") pursuant to 28 U.S.C. § 1404.  The issue raised by the motion is whether the forum shopping exception to the "first-filed" rule is applicable so as to warrant disregard of the rule.  See EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988).  After full review of the motion, Plaintiff's response, and Defendant's reply, we find that the first-filed rule under the circumstances presented is applicable without exception.  Accordingly, Defendant's motion must be granted.  In summary, transfer also is warranted because: (1) the action could have been brought in the Southern District because personal jurisdiction exists there and venue is proper; and (2) the transfer will serve the convenience of parties and witnesses and the interests of justice.  See 28 U.S.C. § 1404(a).

1

## II.  GENERAL BACKGROUND

Each party's principal place of business is in the Commonwealth of Pennsylvania and in close proximity to the City of Philadelphia.  Plaintiff is a Pennsylvania corporation with its principal place of business in Hatfield.  (Pa. Am. Compl. ¶ 1.)  Defendant is a Delaware corporation with its principal place of business located in West Chester.  (N.Y. Compl. ¶ 1.) Plaintiff is a privately-held company, which is engaged in the manufacture, development, and distribution of chemicals, supplies, and equipment for the use in microscopy, histology, and related fields.  (Pa. Am. Compl. ¶ 8.)  Defendant is a manufacturer, retailer, and distributor of analytical equipment and supplies.  Plaintiff and Defendant are obvious competitors.  Both conduct business in the state of New York.  (N.Y. Compl. ¶ 8.)  According to Plaintiff, it has 100 to 150 customers in New York who constitute two percent of its total sales.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer 4.)

On May 17, 2007, Defendant filed in the Southern District a complaint against Plaintiff for copyright infringement and unfair competition, seeking damages and injunctive relief.  The pleading alleged that Plaintiff: (1) without permission or consent, copied, distributed, advertised, and posted works authored and owned by Defendant in violation of the Copyright Act, 17 U.S.C. §§ 101-1332; (2) engaged in a series of deceptive commercial practices in an effort to obtain unfair gains and competitive advantages in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125; and (3) violated New York laws of unfair competition and false advertising, including New York common law and New York Gen. Bus. Law §§ 349 and 350.  (N.Y. Compl. ¶¶ 15-33.) Jurisdiction was alleged to be proper in the Southern District pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.  Defendant did not initially serve the complaint.  It delayed service to

ascertain whether Plaintiff would agree amicably to resolve the dispute by taking down certain webpages.  (Def.'s Mot. to Transfer 3.)

On July 27, 2007, with full knowledge of Defendant's Southern District complaint, Plaintiff filed a declaratory judgment action in this district against Defendant seeking declaration that: (1) Defendant's claimed copyright is invalid; (2) Plaintiff does not infringe any copyright owned by Defendant; and (3) Defendant's claims under the Lanham Act and state statutory and common law are preempted by the Copyright Act.  (Pa. Compl. ¶¶ 20-44.)  On September 19, 2007, Plaintiff filed an Amended Complaint additionally alleging that Defendant's copyright was procured by fraud on the Copyright Office.  (Pa. Am. Compl. ¶¶ 20-25.)  On September 20, 2007, Plaintiff filed in the Southern District a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer to the Eastern District of Pennsylvania.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer, Ex. C.)  Defendant then filed its opposition on October 9, 2007.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer, Ex. D.)

On October 9, 2007, Defendant filed the present transfer motion.  Shortly thereafter, on October 12, 2007, Defendant wrote to Judge Leonard B. Sand of the Southern District requesting that this court be allowed to decide the transfer motion before he acted on Plaintiff's motion pending there.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer, Ex. E.)  Judge Sand granted that request.  (Pl.'s Mem. in Opp'n to Def.'s Mot. to Transfer, Ex. A.)

### III.  DISCUSSION

**A.    The First-Filed Rule Applies.**

"In all cases of federal concurrent jurisdiction, the court which first has possession of the

subject must decide it." EEOC, 850 F.2d at 971 (citation omitted). The first-filed rule declares that a first filing party should be free from subsequent litigation over the same subject in courts of concurrent jurisdiction, except in cases involving extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. Id.; Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3d Cir. 1941).

Plaintiff argues here that the first-filed rule should not apply because Defendant engaged in forum shopping. It asserts that Defendant filed its complaint in the Southern District because New York's unfair competition laws are more favorable to it than those in Pennsylvania. Relying on One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc., 987 F. Supp. 317, 329 (D.N.J. 1997), Plaintiff further urges that, since Defendant sought and received from the Southern District a deferral to this court, departure from the rule is justified, supposedly because this court is substantially more advanced in the case's management than the Southern District simply by having to decide this transfer motion. That supposition is dismissed as illogical and irrelevant.

Where forum shopping justifies exception to the first-filed rule, it must be established that forum shopping was the sole reason for choosing one forum over another. Zelenkofske Axelrod Consulting v. Stevenson, No. CIV.A.99-3508, 1999 WL 592399, at *3 (E.D. Pa. Aug. 5, 1999) ("[D]isregard of the first-filed rule . . . will rarely be found where the first action was filed in a logical place."); see Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 424 n.4 (2d Cir. 1965) (stating that "[e]xamples of situations which would justify a departure from the 'first filed' rule of priority include . . . cases where forum shopping alone motivated the choice of the situs for the first suit"); Stone Creek Mech., Inc. v. Carnes Co., No. CIV.A.02-CV-1907, 2002 WL 31424390,

at *3 (E.D. Pa. Oct. 25, 2002 ).  Likewise, an exception to the first-filed rule is not made where the first-filing party has selected a forum which does not involve extraordinary inconvenience or expense and is not distant.  Zelenkofske Axelrod, 1999 WL 592399, at *3.  Courts have refused to find an exception to the first-filed rule in cases of forum shopping unless other inequitable conduct is present.  EEOC, 850 F.2d at 97l; FMC Corp. v. AMVAC Chem. Corp., 379 F. Supp. 2d 733, 742 (E.D. Pa. 2005) (refusing to apply the first-filed rule because the first-filed action occurred due to a combination of inequitable conduct, bad faith, anticipatory filing, and forum shopping); One World Botanicals, 987 F. Supp. at 329.

Plaintiff has failed to establish that forum shopping is the only possible rationale for Defendant's choice to litigate in the Southern District.  New York is a logical forum as both parties advertise and do business in New York.  Moreover, the Southern District is not a distant forum and it would not involve extraordinary inconvenience or expense to either party to have to travel an additional 60 miles to New York City.  See Zelenkofske, 1999 WL 592399, at *3-4. Because both parties are located near Philadelphia, the travel would affect both substantially equally.

No inequitable conduct can be fairly charged against Defendant.  There was no anticipatory filing.  Indeed, after filing its Southern District complaint, Defendant contacted Plaintiff in hopes of resolving the dispute without litigation.  Therefore, there is no legally cognizable basis that would justify exception to the first-filed rule.

Plaintiff asserts, without citation to any legal authority, that Defendant, by persuading the Southern District to withhold its hand in deciding pending motions and defer temporarily to this court, waived its privilege to assert the first-filed rule.  Defendant's request to stay the action was

5

not a waiver of the first-filed rule.  Rather, it was an appropriate and expectable effort to prevent inconsistent judgments by courts having concurrent jurisdiction and conserve judicial resources.

**B.     Pursuant to 28 U.S.C. § 1404(a), the Convenience of the Parties, the Convenience of Witnesses, and the Interests of Justice are Best Served by Transfer.**

In applying the first-filed rule, courts have the option to dismiss, stay, or transfer the later filed action.  Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., 416 F. Supp. 2d 1048, 1052-1053 (E.D. Pa. 2006).  Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."  28 U.S.C. § 1404(a).  The burden of establishing the need for transfer rests with the movant, and the plaintiff's choice of venue should not be lightly disturbed.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Under 28 U.S.C. § 1404(a), the moving party must show that: (1) the action could have been brought in the transferee district; and (2) transfer serves both the convenience of parties and witnesses and the interests of justice.  FMC Corp., 379 F. Supp. 2d at 737; see Keating Fibre, 416 F. Supp. at 1053.

**1.     This Action Could Have Been Brought in the Southern District of New York.**

**a.     The Southern District of New York has Personal Jurisdiction.**

Under New York law, a foreign corporation is subject to general personal jurisdiction in New York if it is "doing business" in the state.  Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985); see N.Y. C.P.L.R. § 301.  A defendant who is not found to be "doing business" in New York may rely on New York's long arm statute, N.Y. C.P.L.R. § 302, to assert

personal jurisdiction. Plaintiff is subject to personal jurisdiction in the Southern District either because it does business there or under that state's long-arm statute.

### i.     *Plaintiff Does Business Within the State of New York.*

"[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" Hoffritz, 763 F.2d at 58; see Wiwa v. Royal Dutch Petroleum, 226 F.3d 88, 95 (2d Cir. 2000).

Plaintiff is subject to personal jurisdiction in the Southern District because it routinely conducts a substantial amount of business within that state, involving solicitation of potential customers and the sale and importation of goods to customers. Although Plaintiff may not have facilities, officers, employees, agents, telephone listings, bank accounts, or property of any kind in New York, it does maintain a website available to a New York market and, through that website, has succeeded in soliciting and selling goods to as many as 150 customers. Therefore, Plaintiff's contacts with New York go well beyond the mere solicitation of business.

### ii.     *New York's Long Arm Statute Applies.*

New York's long arm statute provides that:
A court may exercise personal jurisdiction over any non-domiciliary . . . who . . . (3) commits a tortious act without the state causing injury to person or property within the state . . . if he . . . (ii) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or

international commerce. N.Y. C.P.L.R. §302(a)(3)(iii).

In <u>American Network, Inc. v. Access American/Connect Atlanta, Inc.</u>, 975 F. Supp. 494, 495-496 (S.D.N.Y 1997), a New York internet service provider brought a trademark infringement action against a Georgia provider. Although that Georgia provider claimed that only .08 percent of its customer base was located in New York and only $150 per month out of its monthly revenue of $195,000 was attributable to its New York customers, the court found that personal jurisdiction under the long arm statute was proper because there was: (1) injury in New York and (2) reasonable expectation of New York consequences. <u>Id.</u> at 496-98. The court found that plaintiff's claim that New York computer users, who were among plaintiff's potential customers, viewed the defendant's trademark and were confused and deceived by that mark, was sufficient to satisfy the statute's requirement of injury within the state. <u>Id.</u> at 497. It concluded that there was a reasonable expectation of New York consequences because there was "tangible manifestations that the defendant was attempting to reach a New York market." <u>Id.</u> at 498. This was so, even though the Georgia provider had signed up but six New York subscribers. <u>Id.</u>

The fact that Plaintiff distributes its products globally and has as many as 150 customers in New York demonstrates that it is regularly and continually attempting to reach and solidify a New York market. Personal jurisdiction is proper under N.Y. C.P.L.R. § 302.

      **b.**      **Venue is Proper in the Southern District of New York.**

28 U.S.C. § 1391(b) provides in part that "[a] civil action wherein jurisdiction is not

8

founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides . . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).  28 U.S.C. § 1391(c) provides that "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).  Because the court finds personal jurisdiction is proper in the Southern District, venue is proper.  See id.; 28 U.S.C. § 1391(b)(1).  Venue is also proper because the alleged unlawful activities, through the trademark's presence on Plaintiff's website, occurred in New York.  See 28 U.S.C. § 1391(b)(2).

### 2. Transfer Will Serve Both the Convenience of the Parties and Witnesses and the Interests of Justice.

Although there is no definitive list of factors to be considered under § 1404(a), the court considers variants of the private and public interests protected by § 1404(a).  Jumara, 55 F.3d at 879.

#### a. Private Interests Weigh In Favor of Transfer.

Private interests the court considers in ruling on a § 1404(a) motion include: (1) a plaintiff's forum preference; (2) a defendant's preference; (3) where the claim arose; (4) the convenience of the parties and witnesses; and (5) the location of the relevant books and records.  Id.  Additionally, deference to a plaintiff's choice of forum may be lessened by evidence that the plaintiff filed the declaratory action or engaged in other tactics in order to deprive the natural plaintiff of its choice of forum.  Pegasus Dev. Corp. v. Hane, No. CIV.A.05-6148, 2006 U.S.

Dist. LEXIS 9684, *8 (E.D. Pa. Mar. 9, 2006).  In Pegasus Development Corp. v. Hane, the court denied the defendant's motion to transfer, finding that the plaintiff did not file its action or take any other measures to deprive the defendant of his choice of forum because the plaintiff could not have suspected that the defendant would object to the forum.  Id.

Here, the private interests weigh in favor of transfer.  Accepting the basic proposition that a plaintiff's choice of forum generally should not be easily disturbed, Jumara, 55 F.3d at 879, one has to recall that Defendant here was that first plaintiff in the Southern District.  Moreover, Plaintiff knew by reason of the Southern District filing that Defendant would object to this forum.  Cf. Pegasus, U.S. Dist. LEXIS 9684, at *8.  Accordingly, the first two factors weigh in favor of transfer.

Second, as to where the claim arose, Plaintiff asserts that, because it can only act through its employees who are all located in Pennsylvania, any alleged unlawful copying must have taken place in Pennsylvania.  Defendant counters that its claims arise from Plaintiff's alleged copyright infringement through the internet, which has no physical location or bounds, and Defendant's New York customers, who viewed Plaintiff's website, were harmed by Plaintiff's alleged copyright violation.  This allegation is sufficient to show that transfer is proper.

The convenience of the witnesses and location of books and records are considered to the extent that they could be unavailable for trial in a distant forum.  Jumara, 55 F.3d at 879.  These factors weigh in favor of transfer.  As Plaintiff concedes, the geographical reach of the subpoena power of the Southern District extends into Pennsylvania.  Plaintiff has not identified any witnesses who are unable to travel to New York City.  Moreover, all documents in Pennsylvania can be easily accessed and transported.  Also, oral depositions can conveniently be taken.

Therefore, all reasonable private interests weigh in favor of a transfer to the Southern District.

### b. Public Interests Weigh in Favor of Transfer.

Public interests the court considers include: (1) the enforceability of any judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administration of court congestion; (4) local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

A weighing of the relevant public interests favors a transfer to the Southern District. The first factor, the enforceability of the judgment, weighs in favor of transfer. Both courts would be able to enforce a judgment. The second factor, the practical considerations that could make the trial easy, expeditious, or inexpensive, also weighs in favor of transfer. The purpose of the first-filed rule is to encourage sound judicial administration. EEOC, 850 F.2d at 971.

As regards the third factor, relative administrative difficulty, Plaintiff argues that a transfer would further delay adjudication of this dispute. Allegedly, the Southern District is one of the busiest courts in the nation. This argument is rather ethereal. Even if the Southern District is busy, it may take great pride in being one of the most efficient districts in terms of motion and case disposition.

The fourth factor, local interest, is neutral. Both states have a local interest in the controversy. Pennsylvania has an interest because both parties reside and conduct business there. However, New York has an interest because allegedly Plaintiff has engaged in copyright infringement there.

The fifth factor, the public policy of promoting sound judicial administration, is also neutral as both states have a policy interest in promoting fair business practices. The last factor, familiarity of the trial judge with applicable state law for diversity cases, is irrelevant because this case is not a diversity matter and all federal judges are equally obligated to know and administer all laws applied in cases before them.

### c. The Interests of Justice Warrant Transfer.

The interests of justice are served by transfer if the transfer of an action would obviate having two actions involving the same or similar issues proceeding in different districts. Continental Grain v. FBL-585, 364 U.S. 19, 26 (1960) ("[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts, leads to the wastefulness of time, energy, and money."). Because transfer in the present action would prevent two actions involving the same or similar issues from proceeding in different districts, transfer best serves the interests of justice. See id. at 26-27.

### V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer the above-captioned matter to the Southern District is granted.

An appropriate Order follows.